Filed 9/26/24  P. v. Thomas CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLARD EUGENE THOMAS,<br><br>    Defendant and Appellant. | A169763<br><br>(Contra Costa County Super. Ct. No. 05000318592) |

Willard Eugene Thomas appeals from the superior court's denial of his motion to recall his sentence and resentence him under Penal Code section 1172.75[1].  The court partially granted and partially denied his motion, and Thomas appealed.

Thomas's appointed appellate counsel has filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) in which he finds no arguable appellate issues and requests that we exercise our discretion to conduct an independent review of the record.  Thomas has submitted a letter in which he raises multiple issues.  Although we decline to conduct an independent review, we address the issues Thomas raises and affirm.

---

[1] Undesignated statutory citations are to the Penal Code.

1

# I. BACKGROUND

## A. *Thomas's 1999 Offenses and 2005 Sentencing*

In 2004, Thomas was convicted of multiple offenses, and the judgment entered against him was affirmed on appeal in *People v. Thomas* (Oct. 17, 2008, A110427) [nonpub. opn.]. As recounted in that unpublished opinion, early in the morning of September 17, 1999, Thomas confronted a woman walking on the street in Richmond, California and pushed against her side what she believed was a knife. He walked her to some bushes and pushed her into them, made her remove a pant leg and unfastened her bra, put his hand on her breast, and got on top of her. He then tried two or three times to penetrate her but was unsuccessful. He made her put his penis in her mouth and had sexual intercourse with her, ejaculating inside her. He then got up, grabbed her purse, and left.

Subsequently, a vaginal swab was taken from the woman. DNA testing of sperm found on the swab ultimately led investigators to Thomas.

Thomas was charged by information with one count of rape (§ 261, subd. (a)(2), count one); one count of forcible oral copulation (§ 288a, subd. (c)(2), count two); two counts of attempted rape (§§ 261, subd. (a)(2), 664, counts three and four); and one count of second degree robbery (§§ 211, 212.5, subd. (c), count five). For counts one through four, the information alleged a weapon enhancement under section 12022.3, subdivision (b). It also alleged a "One Strike" prior conviction allegation (§ 667.61, subd. (a)(2)), three prior strike convictions (§§ 667, 1170.12), three prior serious felony convictions (§ 667, subd. (a)(1)), and three prior prison convictions (§ 667.5, subd. (b)).

Thomas testified at trial. He contended he and the woman had smoked crack cocaine and had consensual sex, an account that was supported by his sister's testimony.

Thomas was found guilty of the charges on all counts against him, except the trial court found only two of the prior conviction allegations and two of the prison prior allegations to be true. In May 2005, the court sentenced him to a total state prison term of 124 years to life. This consisted of 25 years to life on counts one and two pursuant to the One Strike law (§ 667.61) to be served concurrently and tripled pursuant to the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12), for a total term of 75 years to life; five years for each of the two prior felony convictions; the midterm of two years for the weapon enhancement; two years for the two prison priors; the midterm of three years on counts three and four, to run concurrent to each other and to the sentences for counts one and two; 25 years to life pursuant to the Three Strikes law for count five, to be served consecutively; and two five-year sentences for the serious prior felonies.

According to the 2008 opinion affirming Thomas's convictions and sentence, "[i]n ordering that the sentence on count five [robbery] run consecutively, the trial court noted that (1) the objective of the robbery was different from that of the sex crimes, (2) defendant's prior convictions were numerous and of increasing seriousness, and (3) defendant had been unsuccessful on parole, concluding that 'any of those reasons that the Court had just cited would be sufficient in and of itself to substantiate a consecutive sentence.' " The court further stated regarding count five that it did not usually sentence a defendant consecutively but that this case " 'cried out for' " it.

**B.** *Thomas's 2023 Motion To Recall His Sentence*

In November 2023, Thomas, through counsel, filed his motion for the recall of his sentence under section 1172.75 in Contra Costa County Superior Court. He asked the court to conduct a full resentencing hearing and argued it was required under the circumstances to strike all but one of the

3

allegations for which he was sentenced under sections 667, subdivision (a), 667.5, subdivision (b), 12022.3, subdivision (b), and 1170.12; he further argued that, regardless, the court should exercise its discretion under section 1385 to strike these and the other Three Strike allegations against him in the interest of justice. In support of his discretion argument, Thomas asserted he would not be eligible for parole for four years, when he reached age 65, was in declining physical health, and had taken effective steps to rehabilitate himself, including by addressing his "substance use disorder" and the physical trauma, neglect, sexual abuse, and concomitant mental illness that he had suffered. He claimed he did not pose a risk to public safety. Further, given his advanced age, he posed a drastically reduced risk of recidivism. He also argued as a mitigating factor that the enhancements imposed against him were for convictions that had occurred 20, 14, and 5 years before his sentencing and, therefore, were "extremely remote."

Thomas acknowledged the case law holding that Three Strikes law allegations do not constitute "enhancements" (see *People v. Burke* (2023) 89 Cal.App.5th 237, 243–244), but he nonetheless relied on the *Burke* court's view that the law's legislative history was inconsistent with its plain language (see *id*. at p. 243, fn. 3) to argue the trial court should exercise its discretion under section 1385 to apply the enhancement dismissal factors to the five-year serious felony conviction allegations and strike his strike priors. He also argued that sentencing him, an African-American, under the enhancement and Three Strikes law allegations was discriminatory under the Racial Justice Act of 2020 (§ 745). Thomas also urged the court to impose concurrent rather than consecutive prison terms.

The prosecution conceded that the court had to strike at least one of the section 667.5 enhancement allegations against Thomas as not based on a

4

sexually violent offense, and stated that it did not oppose the court striking both allegations made under that provision, striking the section 667, subdivision (a)(1) allegations, and staying the section 12022.3, subdivision (b) enhancement sentence. But the prosecution opposed the court striking any of Thomas's prior strikes because Three Strikes law penalties are not enhancements and Thomas's sentence was within the spirit of the Three Strikes law. It asked the court to resentence Thomas to an indeterminate term of 100 years to life.

After hearing, the trial court recalled Thomas's sentence, struck the section 667.5 and 667, subdivision (a)(1) allegations and stayed the section 12022.3, subdivision (b) enhancement sentence. It also found a separation between "an act of sexual violence and an act of robbery" and that other factors warranted maintaining the consecutive sentences. It resentenced Thomas to an indeterminate term of 75 years to life and a consecutive indeterminate term of 25 years to life, for a total indeterminate term of 100 years to life.

Thomas filed a timely notice of appeal. (CT 201.)

## II. DISCUSSION

Because the present appeal is not from a conviction, Thomas is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 or *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.) Nonetheless, although "[t]he filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues," we are "required to evaluate the specific arguments presented in [the supplemental] brief and to issue a written opinion." (*Delgadillo*, at p. 232.)

5

In his August 12, 2024 letter to the court, Thomas contends that each of the attorneys who represented him before the trial court was prejudiced against him; that he asked them to file a motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*); that the court should dismiss or impose a sentence that does not exceed 20 years under the Racial Justice Act; that he is in very bad health and his mother has been recently diagnosed and hospitalized with a fatal form of cancer; that he has taken numerous classes to help better himself and keep him from committing a crime again; that he lied at trial, is remorseful regarding his victim, and accepts responsibility for his crimes; and that upon release, he has a very good support team that would help him stay out of trouble.

Section 1172.75 invalidates any sentence enhancement imposed pursuant to section 667.5, subdivision (b) prior to January 1, 2020, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of section 6600 of the Welfare and Institutions Code.  (§ 1172.75, subd. (a).)  Once the trial court has received such information and confirmed that the current judgment includes a prior prison term enhancement that is now legally invalid, the trial court "shall recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)

Section 1172.75, subdivision (d)(1) provides that "[r]esentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."  When resentencing, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law

6

that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

To the extent Thomas wishes to challenge his convictions or sentence on the grounds of ineffective assistance of counsel, that argument is more appropriately brought, if at all, in a habeas corpus petition.[2] As for the remainder of his contentions, they essentially repeat those he made below in support of his motion and which the trial court in its discretion rejected as a basis for granting him any further sentencing relief. He gives us no reason to cast any doubt on the correctness of the trial court's ruling.

## III. DISPOSITION

The order appealed from is affirmed.

STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.

---

[2] We express no opinion on whether such a habeas petition would be timely or successful.

7